UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS PARSONS, G26143, | Case No. 25-cv-03861-CRB (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | (ECF No. 23) |
| ROBERTO A. ARIAS, Warden, | |
| Respondent. | |

**I.**

Petitioner, a state prisoner currently incarcerated at Calipatria State Prison (CAL), in Calipatria, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2020 conviction and sentence from Santa Clara County Superior Court.  On July 17, 2025, the court (Ryu, M.J.) screened the petition and found that the seven claims therein appeared cognizable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted.  The case was later reassigned to the undersigned.

Currently before the court for decision is respondent's motion to dismiss the petition on grounds that the claims are unexhausted, procedurally barred and/or not cognizable on federal habeas.  Petitioner did not file a response to the motion to dismiss despite being advised to do so.  Because petitioner's claims are either unexhausted or procedurally barred, the motion to dismiss will be granted.

**II.**

On November 10, 2020, a jury convicted petitioner of four counts of armed robbery and one count of possession of a firearm by a felon.  The jury also found true allegations of four prior strike convictions and two prior serious felony convictions.

On July 16, 2021, before petitioner was sentenced by the Santa Clara County Superior Court, he filed a petition for a writ of habeas corpus in the California Supreme Court. The court denied the petition on procedural grounds.

On August 18, 2021, the Santa Clara County Superior Court sentenced petitioner to 100 years to life consecutive to 50 years in state prison. Petitioner appealed and filed a petition for a writ of habeas corpus in the California Court of Appeal.

On June 13, 2022, while his appeal and petition for a writ of habeas corpus were pending in the California Court of Appeal, petitioner filed a second petition for a writ of habeas corpus in the California Supreme Court. The court denied the petition on procedural grounds.

On July 12, 2023, while his appeal and petition for a writ of habeas corpus were still pending in the California Court of Appeal, petitioner filed a petition for a writ of mandate/prohibition in the California Supreme Court, asking the court to stay his appeal and compel the court of appeal to correct alleged procedural deficiencies and investigate alleged alterations and omissions in the trial record before hearing his appeal. The supreme court summarily denied the petition.

On February 21, 2024, the California Court of Appeal affirmed the judgment of the Santa Clara County Superior Court and denied the petition for a writ of habeas corpus petitioner had filed with the appeal. On May 1, 2024, the California Supreme Court denied review.

On May 2, 2025, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**III.**

Petitioner raises seven claims for relief under § 2254: (1) prejudicial effect of co-defendant's coerced confession; (2) introduction of, and failure to suppress, unlawfully obtained evidence; (3) denial of speedy trial; (4) jury misconduct; (5) failure to cross-examine prosecution witness; (6) withholding exculpatory evidence; and (7) actual innocence. Respondent moves to dismiss the petition on the grounds that: (A) claims one, four, five, six and seven are unexhausted, (B) claims two and three are procedurally defaulted; and (C) part of claim two and all of claim seven are not cognizable on federal habeas.

2

United States District Court
Northern District of California

The motion to dismiss the petition will be granted because the court finds that claims one, four, five and six are unexhausted, and that claims two, three and seven are procedurally defaulted.[1]

**A.**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515–16 (1982). State prisoners must "fairly present" the specific factual and legal bases for each claim to the highest available state court. See Duncan v. Henry, 513, U.S. 364, 365 (1995). In California, this means that state prisoners must provide the California Supreme Court with a fair opportunity to rule on the merits of their federal claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071–72 (9th Cir. 1995) (California Supreme Court must be given opportunity to review state prisoners' federal claims).

Here, a review of the record makes clear that in the petition for review and the petitions for a writ of habeas corpus petitioner filed in the California Supreme Court petitioner presented neither the factual nor the legal bases for claims one, four, five or six. See Mot. Exs. (ECF No. 23-1) 3 (challenging testimony of detectives regarding petitioner's tattoo and ballistics findings), 5 (raising claims two and three) & 7 (raising claims of malicious prosecution/false imprisonment, factual innocence and violation of state speedy trial statute).[2] Claims one, four, five and six are unexhausted because petitioner did not fairly present them to the California Supreme Court. See

---

[1] The court need not reach respondent's argument that part of claim two and all of claim seven are not cognizable on federal habeas because claims two and seven are procedurally defaulted.

[2] Respondent argues that petitioner did not fairly present claim seven to the California Supreme Court. The court disagrees. In the June 13, 2022, petition for a writ of habeas corpus petitioner filed in the California Supreme Court, he alleges in relevant part that he is "factually innocent with proof shown on the record several times" and goes on to argue his innocence. Mot. Ex. 7 at 3. Claim seven (actual innocence) is exhausted.

O'Sullivan, 526 U.S. at 845.  It matters not that petitioner presented all of his claims in various petitions to the California Court of Appeal, see Petrocelli v. Baker, 862 F.3d 809, 824 (9th Cir. 2017) (presenting claim only to California Court of Appeal insufficient to exhaust), or that he appears to have raised aspects of claims one and four in the petition for a writ of mandate/ prohibition he filed in the California Supreme Court, see Pitchess v. Davis, 421 U.S. 482, 489 (1975) ("The denial of an application for writ of prohibition does not constitute, and cannot be fairly read as, an adjudication on the merits of the claim presented."); see also Boxie v. Tuggle, No. 25-cv-03897-RGK (DFM), 2025 WL 1555488, at *2 (C.D. Cal. May 29, 2025) (observing that mandamus proceedings do not lend themselves to consideration of merits of claim raised in federal habeas petition).[3]

Accordingly, claims one, four, five and six will be dismissed without prejudice to refiling after exhausting state judicial remedies.  See Rose, 455 U.S. at 510.

**B.**

Federal habeas review is barred on grounds of procedural default if a state court denied a claim because the petitioner failed to comply with the state's requirements for presenting it. Coleman v. Thompson, 501 U.S. 722, 731–32 (1991).  The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." Id. at 729. A state procedural bar is adequate if it is firmly established and regularly followed.  Walker v. Martin, 562 U.S. 307, 316 (2011).

Here, a review of the record makes clear that the California Supreme Court denied claims two, three and seven on procedural grounds.  Petitioner raised claims two and three in the July 16, 2021, petition for a writ of habeas corpus he filed in the California Supreme Court, and raised claim seven in the June 13, 2022, petition for a writ of habeas corpus he filed in the California Supreme Court.  The California Supreme Court denied the July 16, 2021, petition with the following reasoned decision:

_____

[3] Petitioner certainly did not fairly present the specific factual and legal bases for claims one and four in the petition for a writ of mandate/prohibition he filed in the California Supreme Court.  See Duncan, 513 U.S. at 365.

> The petition for writ of habeas corpus is denied. (See In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal].) Individual claims are denied, as applicable. (See In re Lessard (1965) 62 Cal.2d 497, 503 [courts will not entertain habeas corpus claims that raise Fourth Amendment violations].)

Mot. Ex. 6 at 1.  And it denied the June 13, 2022, petition with the following reasoned decision:

> The petition for writ of habeas corpus is denied.  Individual claims are denied, as applicable. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Lessard (1965) 62 Cal.2d 497, 503 [courts will not entertain habeas corpus claims that raise Fourth Amendment violations]; In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity]; In re Miller (1941) 17 Cal.2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive].)

Mot. Ex. 8 at 1.

The California Supreme Court's citation to In re Dixon, which held that "habeas corpus cannot serve as a substitute for an appeal," 41 Cal.2d at 759, applies to claims two, three and seven.  All three claims were procedurally rejected (at least in part) under Dixon by the state high court because petitioner brought them in habeas rather than in his appeal.[4]  Dixon is considered a valid state procedural bar that precludes federal habeas review.  See Johnson v. Lee, 578 U.S. 605, 608 (2016) (finding Dixon bar adequate because it is firmly established and regularly followed); see also Johnson v. Montgomery, 899 F.3d 1052, 1060 (9th Cir. 2018) (recognizing Dixon as valid state procedural bar in view of Supreme Court's holding in Johnson v. Lee).  Claims two, three and seven are procedurally defaulted from federal habeas review.  See Coleman, 501 U.S. at 732.

A petitioner may overcome procedural default, if he can establish either: (1) cause for the default and prejudice, or (2) that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice."  Harris v. Reed, 489 U.S. 255, 262 (1989).  Petitioner shows neither cause and prejudice nor a fundamental miscarriage of justice to overcome his default.

---

[4] This court may not revisit whether the state procedural bar was properly imposed by the state court, which is a question of state law.  See Clayton v. Biter, 868 F.3d 840, 846 (9th Cir. 2017) ("federal habeas courts cannot review state court applications of state procedural rules").

Accordingly, claims two, three and seven will be dismissed as procedurally defaulted from federal habeas review.  See Coleman, 501 U.S. at 732.

### C.

This court has discretion to stay and hold in abeyance, rather than dismiss without prejudice to refiling after exhausting state judicial remedies, petitioner's unexhausted claims one, four, five and six "under the circumstances set forth in Rhines[ v. Weber, 544 U.S. 269 (2005)]." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).  Under Rhines, a petitioner may be granted a stay if he shows (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.  Petitioner makes no such requisite showing and a stay under Rhines therefore is not in order.

### IV.

For the foregoing reasons, respondent's motion to dismiss (ECF No. 23) is GRANTED. Claims two, three and seven are dismissed with prejudice because they are procedurally defaulted, and claims one, four, five and six are dismissed without prejudice to refiling after exhausting state judicial remedies.

**IT IS SO ORDERED**.

Dated: April 8, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

6